IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM E JOHNSON,

    Plaintiff,

v.                                      Civil Action 2:18-cv-1240

                                          Magistrate Judge Jolson

THE KROGER COMPANY, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to File First Amended Complaint *Instanter* (Doc. 44). For the following reasons, the Motion is **GRANTED**.

### I.    BACKGROUND

The Court has previously summarized this case's background. (*See* Doc. 24). In relevant part, the Court granted in part and denied in part Plaintiff's Motion to File First Amended Complaint. (*See generally id.*). Specifically, the Court granted Plaintiff leave to file a first amended complaint, including a claim of spoliation of evidence, and directed him to do so "by July 18, 2019." (*Id.* at 9). Plaintiff failed to file the first amended complaint as directed by the Court and now seeks to rectify that mistake with this Motion (Doc. 44). The Motion is now fully briefed and ripe for resolution.

### II.    STANDARD OF REVIEW

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule encompasses a liberal policy in favor of granting amendments and

"reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[o]nce a pleading deadline has passed, litigants must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (citing *Leary v. Daeschner*, 349 F.3d 888, 906–07 (6th Cir. 2003)). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). The Court must also consider "the potential prejudice to the nonmovant." *Leary*, 349 F.3d at 909.

Because Plaintiff's Motion was filed after the deadline in the Court's Scheduling Order (Doc. 11), the Court considers Rule 15 and 16 here.

## III. DISCUSSION

The facts underlying the instant Motion are unusual. The Court has already granted Plaintiff leave to file an amended complaint consistent with its earlier Opinion and Order (Doc. 24). But Plaintiff inadvertently failed to meet the deadline for filing the amended complaint and now seeks to address that mistake. To Plaintiff's credit, he has taken responsibility for his mistake. (*See* Doc. 44 at 2–3). And to Defendants' credit, they have acknowledged the inadvertent nature of Plaintiff's mistake and do not seek to prevent him from filing an amended complaint based on a lack of timeliness. (*See* Doc. 51 at 1). Instead, they oppose Plaintiff's request, arguing that Plaintiff's spoliation claim fails on the merits. (*Id.* at 2–4).

On the unusual facts of this case, and given Defendants' lack of argument to the contrary, the Court finds that Plaintiff has satisfied Rule 16's good cause standard. Further, to determine if an amendment is futile under Rule 15, courts consider whether the proposed amendment could survive a motion to dismiss. The Court has already concluded that Plaintiff's proposed amendment is not futile under that standard. (*See* Doc. 24 at 3–6). And the parties have subsequently completed discovery and are preparing motions for summary judgment. Rather than evaluating the merits of Plaintiff's spoliation claim in this posture, the Court concludes that the better approach is to address them when ruling on the parties' forthcoming motions for summary judgment. To that end, the Court will grant Plaintiff's Motion.

Defendants have also requested that, if the Court grants Plaintiff's Motion, they be permitted to respond to only the new allegations in the First Amended Complaint. (*See* Doc. 51 at 4). The Court declines to permit Defendants to respond in this fashion. But it will order Plaintiff to provide Defendants with a redlined version of the First Amended Complaint, so that Defendants may focus on the new allegations and avoid expending unnecessary time and resources. Further,

to the extent Defendants are concerned about their obligation to respond to the First Amended Complaint while preparing a motion for summary judgment, they are free to seek an extension of those deadlines.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to File First Amended Complaint *Instanter* (Doc. 44) is **GRANTED**. The Clerk is directed to file Doc. 52-1 as the First Amended Complaint in this action. Within three days of this Opinion and Order being issued, Plaintiff is **ORDERED** to provide Defendants a redline of the First Amended Complaint.

IT IS SO ORDERED.


Date: March 17, 2020  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE