**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIAM E JOHNSON,**

      **Plaintiff,**

  v.                                    Civil Action 2:18-cv-1240
                                        Magistrate Judge Kimberly A. Jolson

**THE KROGER COMPANY, et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Disqualify Counsel for the Defendants (Doc. 92). For the following reasons, the Motion is **DENIED as moot**.

**I.    BACKGROUND**

The Court has previously detailed the background of this case. (*See* Doc. 85 at 1–5). Relevant here, Plaintiff William E. Johnson is a 65-year-old Black man who resides in Delaware, Ohio. Defendant Kroger operates a nationwide chain of grocery stores, including the Kroger store located at 801 N. Houck Road in Delaware, Ohio (the "Store"). Defendant Michael Simons is a Kroger Senior Asset Protection Specialist. In that role, Defendant Simons' responsibilities include, among others: detecting and apprehending shoplifters, archiving video for law enforcement requests, training and overseeing asset protection specialists, and handling employee and internal investigations.

On October 17, 2017, Plaintiff shopped at the Store, as he had many times before. After Plaintiff completed his shopping, Defendant Simons confronted him and accused him of shoplifting several DVDs. Plaintiff denied that accusation, got into his car, and drove home. Defendant Simons called the police, who subsequently arrested Plaintiff at his home and charged

him with petty theft. The State ultimately moved to dismiss the case against Plaintiff without prejudice for lack of sufficient evidence.

Plaintiff filed this action, alleging that Defendants had: racially discriminated against him, maliciously prosecuted him, and destroyed evidence. Defendants, however, insist that Defendant Simons had a good faith belief that Plaintiff shoplifted DVDs and was not motivated by racial prejudice. The parties presented their version of events to the Court at summary judgment, and the Court concluded that, for most claims, there were genuine issues of material fact that needed to be resolved by a jury. (*See generally* Doc. 85).

One disputed issue at summary judgment was whether Defendant Simons was acting in the scope of his employment when he confronted Plaintiff, accused him of shoplifting, and requested that the police arrest him. The significance of this issue is clear: If Defendant Simons was acting in the scope of his employment at that time, Defendant Kroger may be liable for his actions under the doctrine of *respondeat superior*.

Plaintiff filed the instant Motion, alleging that there is a direct conflict of interest between Defendant Simons and Defendant Kroger concerning the issue of *respondeat superior*. (*See generally* Doc. 92). According to him, it is in Defendant Simons' best interest to argue that he was acting within the scope of his employment at the time of the incident; if a jury found in favor of Plaintiff, Defendants may both be liable for Plaintiff's damages. In contrast, it is in Defendant Kroger's best interest to argue that Defendant Simons was not acting with the scope of his employment at the time of the incident; in that situation, Defendant Simons alone would be responsible for any damages awarded by a jury. The Motion is fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

"A motion to disqualify counsel is the proper method for a party to bring an alleged breach of ethical duties to the court's attention." *Storage Cap Mgmt. LP v. Robarco, Inc.*, No. 2:19-CV-4328, 2020 WL 1163820, at *2 (S.D. Ohio Mar. 11, 2020) (citation and internal quotation marks omitted). "The power to disqualify an attorney from a case is incidental to all courts, and a district court is obliged to consider unethical conduct by any attorney in connection with any proceeding before it." *Id.* (citation and internal quotation marks omitted). As a general rule, disqualification of counsel is appropriate in two situations: "1) where an attorney's conflict of interest undermines the court's confidence in the vigor of an attorney's representation; or 2) where an attorney is at least potentially in a position to use privileged information concerning the opponent gained through prior representation, thus giving his present client an unfair advantage." *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 150 (S.D. Ohio 2002) (citation and internal quotations omitted). It, however, "should only be utilized when there is a reasonable possibility that some specifically identifiable impropriety actually occurred, and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice." *Storage Cap Mgmt.*, 2020 WL 1163820, at *3 (citation and internal quotations omitted).

## III. DISCUSSION

The parties dispute whether Defendants' position on the issue of *respondeat superior* results in a conflict that requires counsel for Defendants to be disqualified. After attempting to resolve this issue extrajudicially, Plaintiff filed this Motion based on his belief that counsel for Defendants' representation of both clients "is directly and/or materially adverse to the interest of the other client." (Doc. 92 at 1).

As the Court explained in its Opinion and Order on the parties' cross-motions for summary judgment, in Ohio, "[t]he respondeat superior doctrine makes an employer or principal vicariously liable for the torts of its employees or agents." *Auer v. Paliath*, 17 N.E.3d 561, 564 (Ohio 2014) (citing *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438, 628 N.E.2d 46 (Ohio 1994)). But the doctrine is triggered only if the employee's tort was "'committed within the scope of employment.'" *Auer*, 17 N.E.3d at 564 (quoting *Byrd v. Faber*, 57 Ohio St.3d 56, 58, 565 N.E.2d 584 (Ohio 1991)).

Courts consider two factors when determining whether the employee's tort was committed within the scope of his or her employment. "First, the agent's tortious acts must have been 'an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it.'" *Auer*, 17 N.E.3d at 566 (quoting *Posin v. A.B.C. Motor Court Hotel, Inc.*, 344 N.E.2d 334, 339 (Ohio 1976)). Second, and "[m]ost importantly, in cases 'where the tort is intentional, the behavior giving rise to the tort must be 'calculated to facilitate or promote the business for which the servant was employed.'" *Auer*, 17 N.E.3d at 566 (quoting *Byrd*, 565 N.E.2d at 587).

Here, Defendant Kroger admitted in its operative Answer and in its response to Requests for Admission that Defendant Simons was acting in the scope of his employment at all times related to the events alleged in the Complaint. (*See* Doc. 55, ¶ 5 ("In response to Paragraph 5 of the First Amended Complaint, Kroger admits that during the events alleged in Plaintiff's First Amended Complaint, Defendant Simons was acting within the course and scope of his employment for Kroger."); Doc. 66-2 at 22 ("Kroger objects to the Request on the grounds it is vague and to the extent it requests a legal conclusion. Without waiving and subject to the objection, Kroger admits during the events alleged in Plaintiff's Complaint, Defendant Simons was acting within the course and scope of his employment for The Kroger Company.").

Whether Defendant Kroger is bound by those admissions is central to the Motion to Disqualify. If Defendant Kroger is not bound, a conflict of interest between Defendant Kroger and Defendant Simons may exist. If, however, Defendant Kroger is bound by those admissions, then the potential conflict between the two Defendants is moot. Having reviewed the record and the parties' briefing, the Court believes it is necessary to address this issue before considering the merits of Plaintiff's Motion.

### A. Response to Request for Admission

The Court finds that Defendant Kroger is bound by those admissions here. It first considers Defendant Kroger's admission in response to an RFA.

Plaintiff requested that Defendant Kroger admit that, "[a]t all times and in all actions relevant herein, Defendant Simons was acting within the course and scope of his employment for The Kroger Company." (Doc. 62-2 at 22). Defendant responded, "Kroger objects to the Request on the grounds it is vague and to the extent it requests a legal conclusion." (*Id.*). "Without waiving and subject to the objection, Kroger admits during the events alleged in Plaintiff's Complaint, Defendant Simons was acting with the course and scope of his employment for The Kroger Company." (*Id.*).

Under Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to … facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The purpose of the Rule is "to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, Advisory Committee Note – 1970 Amendment. "An admission of a matter involving the application of law to fact may, in a

5

given case, … clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial." *Id.*

Defendant Kroger is bound by its response to Plaintiff's RFA. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."). Plaintiff's RFA did not ask for a legal conclusion as a response. Rather, it asked for Defendant Kroger to apply the law to the facts of this case and admit or deny whether Defendant Simons was acting within the scope of his employment at the time of the incident in question, just like the example cited by the Advisory Committee in its explanatory note. *See* Fed. R. Civ. P. 36, Advisory Committee Note – 1970 Amendment; *see also Lapin v. Goldman, Sachs & Co.*, No. 04CIV.2236RJSDFE, 2009 WL 3496116, at *1 (S.D.N.Y. Oct. 22, 2009) (finding that a request to admit an employee was acting within the scope of his employment "calls for a simple 'application of law to fact' as permitted by Rule 36(a)(1)(A)").

Nor does the Court find persuasive Defendant Kroger's objection that the RFA was vague. Regardless of the precision of the language used in the RFA, Defendant Kroger clearly admitted that "during the events alleged in Plaintiff's Complaint, Defendant Simons was acting within the course and scope of his employment for The Kroger Company," (Doc. 62-2 at 22).

While the Rules provide a mechanism for withdrawing or amending a response to a request for admission, that relief is not available to Defendant Kroger at this stage of the case. Rule 36(b) provides that, "[s]ubject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."

"A district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir.

1997) (citation and internal quotations omitted). "The first prong of the test articulated in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation on the merits of the case." *Riley v. Kurtz*, 194 F.3d 1313, 1999 WL 801560, at *3 (6th Cir. 1999) (Table) (citation and internal quotations omitted). "Prejudice under Rule 36(b) … relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel*, 106 F.3d at 154 (citation and internal quotations omitted).

Reasonable minds might disagree as to whether withdrawing Defendant Kroger's admission would promote the presentation of the merits. In the Court's view, it would not because the scope of Defendant Simons' employment does not go to the heart of the case. *Cf. Riley*, 194 F.3d 1313, 1999 WL 801560, at *3.

But even assuming that Defendant Kroger could satisfy the first prong of the test, it cannot satisfy the second. The prejudice to Plaintiff if the Court permitted Defendant Kroger to withdraw its admission is clear: Plaintiff relied on this admission in developing his theory of the case and did not conduct discovery on this issue because of it. (*See, e.g.*, Doc. 92 at 3 (internal citation omitted) ("Throughout the discovery process Plaintiff did not make any effort to ask any questions or elicit information regarding this issue, acting in reliance upon the formal Admission under Fed. R. Civ. P. 36. After all, the purpose of such admissions is generally to narrow the disputed issues in a case. During Defendant Simons' deposition, for example, Defendant Kroger's Response to Plaintiff's Requests for Admissions was marked for the record, but we only questioned Simons about the other responses, not *respondeat superior*.")). "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very

7

matters on which he has secured the admission, and the purpose of the rule is defeated." Fed. R. Civ. P. 36, Advisory Committee Note – 1970 Amendment.

Here, discovery closed more than eight months ago, and the Court has ruled on the parties' cross-motions for summary judgment. This two-year-old case is scheduled to go to trial in a month. Withdrawal of this admission would cause "a sudden need to obtain evidence," the quintessential example of prejudice under Rule 36(b). *Kerry Steel*, 106 F.3d at 154 (citation and internal quotations omitted); *see also McLeod Addictive Disease Ctr., Inc. v. Wildata Sys. Grp., Inc.*, No. CIV. A. 2:08-CV-570, 2009 WL 4682341, at *3 (S.D. Ohio Dec. 3, 2009) (citing *Puerto Rico v. S.S. Zoe Colocotroni*, 628 F.2d 652, 664–65 (1st Cir. 1980)) ("[S]pecial difficulty has been found where a defendant initially conceded liability through admissions and the plaintiff justifiably relied on the admissions by cancelling scheduled depositions, but the defendant thereafter sought withdrawal of those previous admissions."). And Defendant Kroger remains bound by its admission as a result.

### B. Answer to the First Amended Complaint

The same is true with respect to Defendant Kroger's Answer to the First Amended Complaint.

In the First Amended Complaint, Plaintiff alleged, "Defendant Simons acted at all times herein within the scope of his employment. Further all acts of Defendant Simons were done knowingly, recklessly, in bad faith and/or maliciously; and with callous indifference toward Mr. Johnson's rights protected by federal and state law. (Doc 54, ¶ 5). Defendant Kroger stated, "[i]n response to Paragraph 5 of the First Amended Complaint, Kroger admits that during the events alleged in Plaintiff's First Amended Complaint, Defendant Simons was acting within the course

8

and scope of his employment for Kroger. Kroger denies the remaining allegations contained in Paragraph 5 not specifically admitted herein." (Doc. 55, ¶ 5).

Again, this is a straightforward admission by Defendant Kroger. And there is no basis for Defendant Kroger to amend its Answer now. Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party is required to seek leave of Court to file an amended pleading, "leave shall be freely given when justice so requires." But where the Court's amendment deadline has passed, as it has here, the movant "first must show good cause under Rule 16(b) for failure earlier to seek leave to amend." *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (quotation marks and citations omitted). Importantly, "the Court is permitted to examine the standard factors governing amendments . . . under Rule 15(a) only if" Rule 16(b) is first satisfied. *Stanich v. Hissong Grp.*, Inc., No. 2:09-CV-143, 2011 WL 1560650, at *2 (S.D. Ohio Apr. 25, 2011). In assessing good cause under Rule 16(b), "the primary focus … is upon the moving party's diligence," but "the presence or absence of prejudice to the other party or parties is [also] a factor to be considered." *Id*. (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

At this stage of the case, Defendant Kroger cannot not demonstrate good cause for amending its Answer. Plaintiff has raised the issue at various points throughout this case, (*see generally* Docs. 92-1–92-9), and Defendants have not made any effort to amend their Answer. As a general rule, an attempt to amend the Answer a month prior to trial is inconsistent with Rule 16(b)'s diligence requirement. Further, to the extent courts consider prejudice to the opposing party under Rule 16(b), *see Stanich*, 2011 WL 1560650, at *2, Plaintiff would be prejudiced for the same reasons as discussed above if Defendant Kroger were permitted to amend its Answer now. The same is true even if Rule 15(a) applied. *See Pittman v. Experian Info. Sols., Inc.*, 901

9

F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (citing "undue delay" and "undue prejudice to the opposing party by virtue of allowance of the amendment" as grounds for denying leave to amend).

\* \* \* \* \* \* \*

In sum, Defendant Kroger is bound by its admissions that Defendant Simons was acting within the scope of his employment at the time of the events underlying the First Amended Complaint. And because Defendant Kroger is bound by those admissions, the potential conflict of interest between Defendant Simons and Defendant Kroger regarding the application of *respondeat superior* is moot.

That is probably for the best. If Defendant Kroger were to attempt to withdraw its admissions, the Court would be compelled to rule on the Motion to Disqualify. As previously explained, Defendant Simons has a significant interest in establishing that the doctrine of *respondeat superior* applies to prevent him from being solely liable for any adverse judgment. In contrast, Defendant Kroger has a significant interest in establishing that the doctrine of *respondeat superior* does not apply to prevent it from being held liable for Defendant Simons' actions. Common sense suggests that, under these circumstances, "there is a *substantial* risk that the [defense counsel's] ability to consider, recommend, or carry out an appropriate course of action for [Defendant Simons] will be materially limited by the lawyer's responsibilities to [Defendant Kroger]," Ohio Prof. Cond. Rule 1.7(a). In order for that conflict to be waivable, the Court would need to find, among other things, that defense counsel "will be able to provide competent and diligent representation to each affected client." Ohio Prof. Cond. Rule 1.7(b)(1). The Court is skeptical defense counsel could do so under those circumstances. *See* Ohio Prof. Cond. Rule 1.3, Comment 1 ("A lawyer also must act with commitment and dedication to the interests of the

10

client."); *Wheatt v. City of E. Cleveland*, No. 1:17-CV-377, 2020 WL 2340229, at *1 (N.D. Ohio May 11, 2020) (applying Ohio Rule of Professional Conduct 1.7 and disqualifying counsel that represented the City of Cleveland and two of its employees because of a conflicting interest as to whether the City should indemnify its employees).

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Disqualify (Doc. 92) is **DENIED as moot**.

IT IS SO ORDERED.


Date:   November 3, 2020                                  /s/ Kimberly A. Jolson
                                                          KIMBERLY A. JOLSON
                                                          UNITED STATES MAGISTRATE JUDGE